IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY L. EVERETT     PLAINTIFF

VS.     CIVIL ACTION NO. 3:14cv44-DPJ-FKB

BULLOCH COUNTY, GEORGIA     DEFENDANT

## REPORT AND RECOMMENDATION

This action is before the undersigned on Defendant's motion to dismiss for lack of personal jurisdiction [18]. Plaintiff has not responded to the motion. For the reasons stated herein, the undersigned recommends that the motion be granted.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons in a facility in Georgia. He brought this action while he was incarcerated in the federal prison in Yazoo City, Mississippi, alleging that Bulloch County, Georgia, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by accessing his Experian and Transunion credit reports. Defendant has moved to dismiss, arguing that this court has no personal jurisdiction over it.

In a federal question action where the federal statute is silent as to service of process, as are the statutes relied upon by Plaintiff, the first requirement for the exercise of personal jurisdiction over an out-of-state defendant is that the defendant be subject to jurisdiction under the forum state's long-arm statute. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1266 (5th Cir. 1983). Mississippi's Miss. Code Ann. § 13-3-57, sets forth three avenues for jurisdiction: The "contract" prong, whereby jurisdiction is proper where the

defendant has made a contract with a resident to be performed in whole or part in the state; the "tort" prong, by which jurisdiction may be exercised over a defendant who has committed a tort in this state; and the "doing business" prong, which allows jurisdiction over a defendant who does business in the state.

Plaintiff has failed to show that jurisdiction is proper under the Mississippi statute. He has not shown that any of the alleged acts taken against him by Bulloch County occurred in this state. Neither has he alleged that he was a party to any contract with the county that was to be performed in Mississippi. Finally, there is no evidence or allegation that Bulloch County does any regular business in Mississippi.

The second requirement for personal jurisdiction is that its exercise comport with due process. This requires a showing that the defendant has "purposefully established 'minimum contacts' in the forum State." *Burger King. Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). There is no showing that Bulloch County has minimum contacts with the state of Mississippi.

Accordingly, the undersigned concludes that this court does not have jurisdiction over Bulloch County, Georgia in this action and for this reason recommends that Defendant's motion be granted. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within 14 days from being served with a copy of this report will bar an aggrieved party, except upon

grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of May, 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE