UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY L. EVERETT                                                                                              PLAINTIFF

v.                                                                             CIVIL ACTION NO. 3:14cv44-DPJ-FKB

BULLOCH COUNTY, GEORGIA                                                                         DEFENDANT

ORDER

This consumer-protection case is before the Court on the Report and Recommendation [25] of Magistrate Judge F. Keith Ball.  Judge Ball recommends that the Court grant Defendant Bulloch County, Georgia's Motion to Dismiss [18] for lack of personal jurisdiction.  In response, Plaintiff Jimmy L. Everett filed a document titled "Motion Addressing Jurisdiction and Motion for Summary Judgment" [26].  Everett apparently intended this document to be his objections to the Report and Recommendation as well as a motion for summary judgment, although the document entirely fails to comply with the requirements of Federal Rule of Civil Procedure 56.  In any event, to the extent the document is a motion for summary judgment, it is denied as moot because, as explained below, the Court lacks jurisdiction.

In response to Judge Ball's conclusion that the Court lacks personal jurisdiction, Everett first cites 15 U.S.C. § 1681p as stating that "[a] Federal Inmate has to file the complaint in the district that he/she is housed in as in a 2241 motion."  Mot. [26].  But the statute says no such thing.  It instead addresses statutes of limitation, stating that "[a]n action to enforce any liability created under this subchapter may be brought in any *appropriate* United States district court" within certain dates.  15 U.S.C. § 1681p (emphasis added).  The statute "does not authorize nationwide service of process."  *Juarez v. Dimon*, No. 4:14-cv-4043-SLD-JEH, 2014 WL

7177544, at *2 (C.D. Ill. Dec. 16, 2014); *see also White v. Hillcrest Davidson & Assocs.*, 952 F. Supp. 2d 80, 82 (D.D.C. 2013) (same).

Everett's only remaining argument is that by obtaining counsel in Mississippi, Bulloch County is doing business in the state and has thus established minimum contacts. The act of obtaining local counsel falls well below the level of "'continuous and systematic general business contacts' with the forum state" necessary to establish general personal jurisdiction, *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). And Bulloch County's efforts to obtain counsel neither give rise to Everett's lawsuit nor do they constitute minimum contacts so as to establish specific personal jurisdiction. *Cf. id.* In short, Everett has not met his burden of establishing personal jurisdiction.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [25] of United States Magistrate Judge F. Keith Ball is adopted as the opinion of the Court. Bulloch County's Motion to Dismiss [18] is granted.

IT IS FURTHER ORDERED that Plaintiff Jimmy L. Everett's Motions [22, 23, 26] are denied as moot.

IT IS FURTHER ORDERED that this action is dismissed without prejudice. A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of May, 2015.

            s/ *Daniel P. Jordan III*
            UNITED STATES DISTRICT JUDGE